# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TOMMY GRALEY,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1134** (BOR Appeal No. 2046822)
(Claim No. 2011008751)

**WINCHESTER MINE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tommy Graley, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Winchester Mine, LLC, appearing pro se filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 27, 2012, in which the Board affirmed a December 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 23, 2010, decision holding the claim compensable for left knee sprain/strain and denying Mr. Graley's request to add the left shoulder strain as a compensable component. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Graley worked as a foreman/fire boss for Winchester Mine, LLC when he fell on loose coal and twisted his left knee. The claim was held compensable for left knee strain/sprain. Prasadarao B. Mukkamala, M.D., concluded that Mr. Graley's left shoulder was not injured in the course of or as a result of his employment on September 2, 2010. Jason M. Prigozen, M.D., opined that the symptomology and pathology are consistent with an acute injury as described by Mr. Graley from a fall at his work and that he did not believe that the shoulder symptoms could

1

be related to any sort of chronic or preexisting condition. David Felder, M.D., determined that based on the findings he could not relate the left shoulder injury to Mr. Graley's fall on September 2, 2010. The claims administrator held the claim compensable for left knee sprain/strain and denied compensability for the left shoulder strain.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Graley did not injure his left shoulder in the course of or as a result of his employment, specifically in relation to the September 2, 2010, occupational injury. On appeal, Mr. Graley disagrees and asserts that Dr. Prigozen's report is persuasive and supports his left shoulder injury occurring on September 2, 2010, and that his left shoulder injury should have been held compensable. Winchester Mine, LLC maintains that the reliable, credible, and probative evidence fails to establish a causal connection between the development of Mr. Graley's left shoulder pain occurring in late September of 2010 and his left knee injury occurring on September 2, 2010.

The Office of Judges concluded that the preponderance of the evidence shows that Mr. Graley did not injure his left shoulder in the course of or as a result of his employment. Mr. Graley suffered a left knee injury on September 2, 2010, and there is no mention of the left shoulder injury until September 27, 2010. Dr. Felder concluded that he could not link Mr. Graley's left shoulder findings to a fall that occurred five weeks earlier. Dr. Mukkamala opined on December 30, 2010, that neither Mr. Graley's left shoulder nor his right shoulder was injured in the course of and as a result of his employment. The Office of Judges determined that there was no medical evidence persuasively linking Mr. Graley's left shoulder injury to his left knee injury other than Mr. Graley reporting to his physicians that his left shoulder was injured when his left knee buckled. The Office of Judges concluded that Mr. Graley failed to meet his burden of proof to show that his left shoulder injury occurred in the course of and as a result of his employment. The Office of Judges held that Mr. Graley did not injure his left shoulder in the course of or as a result of his employment in relation to the September 2, 2010, occupational injury. The Board of Review reached the same reasoned conclusions in its decision of August 27, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II